IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EXZAVION TREVON REED**                                                            **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:18-cv-3-DCB-MTP**

**KENNY COTTON and RHONDA M. ISAAC**                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

Plaintiff filed his complaint on January 5, 2018. On July 11, 2018, the clerk of court provided Defendants Notices of a Lawsuit and Request to Waive Service of a Summons. *See* Notices [18] [19]. On July 25, 2018, Defendants provided Waivers of Service [20] [21]. Thereafter, Defendants failed to file an answer or other responsive pleading. Plaintiff has not filed any pleadings since the filing of the Waivers of Service.

Because Plaintiff failed to take any action relating to Defendants and because it was not clear whether Plaintiff intended to proceed with this action, the Court entered an Order to Show Cause [22] on March 22, 2019, requiring Plaintiff to file a written response by no later than April 5, 2019, explaining why this action should not be dismissed for failure to prosecute. The Court warned Plaintiff that his failure to respond by April 5, 2019, may result in this action being dismissed without further notice. Plaintiff did not file a written response as ordered.[1] In fact, Plaintiff has not filed anything of record, or otherwise contacted the Court, since April 13, 2018.

---

[1] The Clerk of Court attempted to mail the Order [22] to Plaintiff at his address of record, but the mail was returned as undeliverable. *See* Mail Return [23]. Plaintiff has a duty to advise the Court of his current address. In numerous orders, the Court informed Plaintiff that his failure to

1

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed

---

advise this Court of his current address will be deemed a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, and without further written notice. *See* Orders [3] [7] [8] [10] [12] [14] [16] [17].

findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 16th day of April, 2019.

s/ Michael T. Parker<br>United States Magistrate Judge