IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EXZAVION TREVON REED                                     PLAINTIFF

V.                              CAUSE ACTION NO. 5:18-CV-3-DCB-MTP

KENNY COTTON and RHONDA M. ISAAC                        DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Plaintiff Exzavion Trevon Reed ("Reed")'s Complaint (Doc. 1) and Magistrate Judge Michael T. Parker's Report and Recommendation (Doc. 24). Reed did not file an objection. Instead, the Report and Recommendation mailed was returned as undeliverable. See Doc. 25. This is the second time mail to Reed has been returned as undeliverable. See Doc. 23.[1]

After careful consideration concerning the proposed findings and recommendations, the Court determines that they are correct and should be adopted.

Magistrate Judge Parker recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Reed has failed in his obligation to

---

[1] Magistrate Judge Parker ordered Reed to show cause why this action should not be dismissed for failure to prosecute. Doc. 22. The Order was mailed to Reed and returned as undeliverable. Doc. 23.

prosecute his case and to comply with the Court's orders. Doc. 24, p. 2.

A district court may dismiss an action <u>sua sponte</u> for failure to prosecute, for the purpose of achieving orderly, expeditious disposition of cases, to prevent undue delays in disposition of pending cases, and to avoid congestion. <u>Sambe v. Gonzales</u>, 2006 WL 3751153, at *1 (E.D. Tex. Dec. 15, 2006); <u>see</u> <u>Carlisle v. United States</u>, 517 U.S. 416 (1996); <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188 (5th Cir. 1992). A court is not required to delay disposition of a case until a petitioner decides to provide his current address. <u>Sambe</u>, 2006 WL 3751153, at *1; <u>see</u> <u>Childers v. Bowles</u>, 2002 WL 1489501, at * 1 (N.D. Tex. July 9, 2002).

A <u>pro se</u> prisoner's failure to inform a court of his change of address – and specifically, return of a <u>pro se</u> prisoner's mail to the court, as undeliverable – indicates a failure to meet his obligation to press forward with the litigation and failure to prosecute his case expeditiously. <u>Sambe</u>, 2006 WL 3751153, at *1; <u>see</u> <u>Edwards v. Harris County Sheriff's Dept.</u>, 864 F.Supp. 633, 637 (S.D. Tex. 1994). Reed has failed to inform this Court of his current address and therefore has failed to prosecute this action.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendations are ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that a Final Judgment dismissing the action without prejudice will be entered of even date herewith;

SO ORDERED this the 24th day of May, 2019.

                                     /s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE